IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Plaintiff,

v.

VENDINI, INC.,

    Defendant.

Case No. CV 13-04458 SI

**ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL**

On September 26, 2013, plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed a complaint for declaratory judgment and reimbursement against Defendant Vendini, Inc. ("Vendini"). Docket No. 1. In the complaint, St. Paul requests a judgment declaring that its has no duty to defend and no duty to indemnify Vendini under insurance policy no. ZLP-11R18933-12-I4 with respect to certain matters. *See id.*

By the present motion, St. Paul moves to seal portions of its complaint. St. Paul argues that the portions of its complaint should be sealed because those portions have been designated as privileged and confidential by Vendini. Docket No. at 1-2. St. Paul also argues that its request to seal is narrowly tailored to seal only those portions of the complaint containing sealable matter. *Id.* at 1.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public

policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Former Civil Local Rule 79-5(b).

"The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept. 25, 2013) (collecting cases). Therefore, St. Paul bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

In support of its motion to seal, St. Paul has only provided the Court with a declaration stating that Vendini's counsel "Ms. Harris [has] stated that certain portions of St. Paul's complaint contained references to privileged and confidential material." Docket No. 8-1, Celebrezze Decl. ¶ 2. However, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden" of articulating compelling reasons. *Kamakana*, 447 F.3d at 1184. Therefore, St. Paul has failed to meet its burden of articulating compelling reasons for sealing portions of the complaint.

Accordingly, the Court DENIES St. Paul's administrative motion to seal portions of its complaint. Docket No. 8. This denial is without prejudice to St. Paul refiling the motion and supporting declaration, no later than **November 1, 2013**, in a format which is narrowly tailored and demonstrates "compelling reasons supported by specific factual findings that outweigh the general history of access

and the public policies favoring disclosure, such as the public interest in understanding the judicial process."[1] *Kamakana*, 447 F.3d at 1178-79.

**IT IS SO ORDERED.**

Dated: October 22, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The Court reminds the parties that Northern District of California Civil Local Rule 79-5 governing the filing of documents under seal was amended effective October 1, 2013.

3