IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> VENDINI, INC., <br><br> Defendant. | Case No. CV 13-04458 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO SEAL** |

On September 26, 2013, plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") filed a complaint for declaratory judgment and reimbursement against Defendant Vendini, Inc. ("Vendini"). Docket No. 1. In the complaint, St. Paul requests a judgment declaring that its has no duty to defend and no duty to indemnify Vendini under insurance policy no. ZLP-11R18933-12-I4 with respect to certain matters. *See id.*

On September 29, 2013, St. Paul filed a motion to seal portions of the complaint. Docket No. 8. The Court denied St. Paul's motion without prejudice. Docket No. 14. By the present motion, St. Paul again moves to seal portions of its complaint. Docket No. 15. St. Paul argues that portions of its complaint should be sealed because those portions relate to matters that were the subject of confidential mediation communications. *Id.* at 1-2. St. Paul also argues that its request to seal is narrowly tailored to seal only those portions of the complaint containing sealable matter. *Id.* at 2-3.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling

reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b).

"The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 138910, at *10-11 (N.D. Cal. Sept. 25, 2013) (collecting cases). Therefore, St. Paul bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

In support of its motion to seal, St. Paul has provided the Court with a declaration from Nancy Harris providing specific facts establishing that certain matters referenced in the complaint were the subject of confidential mediation communications between defendant and a third party. *See* Docket No. 15-1, Harris Decl. ¶¶ 2-8, Ex. A. The mediation between defendant and the third party is ongoing and the parties continue to engage in settlement discussions. *Id.* ¶ 10.

"[T]he presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent." *United States v. Glens Falls Newspapers*, 160 F.3d 853, 858 (2d Cir. 1998). "Few cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals." *Id.* Therefore, "settlement documents in draft form are not part of the public record of a federal case, [and] the district court may seal documents in order to foster settlement." *Id.*; *see also, e.g.*, *Facebook, Inc. v. ConnectU, Inc.*, 2008 U.S. Dist. LEXIS 111682, at *13 (N.D. Cal. Jul. 2, 2008) (finding that the parties' settlement negotiations "at their mediation fall within the category of information 'traditionally kept secret,' and are not subject to public disclosure").

2

Because St. Paul has established that certain portions of the complaint reference matters related to ongoing settlement negotiations, St. Paul has met its burden of articulating compelling reasons for sealing certain portions of the complaint. Accordingly, the Court GRANTS St. Paul's motion to file the requested portions of the complaint under seal.

It is therefore ORDERED:

1. St. Paul's complaint (Docket No. 1) shall be removed from the public docket.
2. The unredacted version of St. Paul's complaint containing the sealable portions, attached as Exhibit A to the Declaration of Bruce D. Celebrezze, shall be filed under seal.
3. The redacted version of St. Paul's complaint, attached as Exhibit B to the Declaration of Bruce D. Celebrezze, shall be the only version available to the public.[1]

**IT IS SO ORDERED.**

Dated: November 8, 2013

SUSAN ILLSTON
United States District Judge

---

[1] In the its proposed order, St. Paul requests that the Court include the following language in its order: "At the conclusion of these proceedings, this court will issue an appropriate order for the disposition of the confidential materials." Civil Local Rule 79-5(d)(2) provides: "The courtesy copies of sealed documents will be disposed of in accordance with the assigned judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made."

3